IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SINGH SANDEEP,  Petitioner, | ) ) ) |
| vs. | )   No. 3:20-CV-464-K ) |
| MATTHEW T. ALBENCE, et al.,  Respondents. | ) ) )   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Emergency Petition for Declaratory and Injunctive Relief in the Nature of a Mandamus and Habeas Corpus*, received on February 24, 2020 (doc. 2). Based on the relevant filings and applicable law, the petition should be **DISMISSED** as moot.

### I. BACKGROUND

Singh Sandeep (Petitioner), an alien detained in the Prairieland Detention Center (PDC) in Alvarado, Texas, claimed that his continued detention since he was placed in removal proceedings on April 26, 2019, was unconstitutional. (*See* doc. 2.) He sought immediate release from custody, or, alternatively, a bond hearing to determine whether his detention continues to satisfy the purposes of 8 U.S.C. § 1225. (*See id*. at 25.) The respondents are Matthew T. Albence, in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director for U.S. Immigration Customs Enforcement; Chad Wolf, in his official capacity as Acting Secretary of the U.S. Department of Homeland Security; William P. Barr, in his official capacity as the Attorney General of the United States; and James Johnson, in his official capacity as Warden of PDC (Respondents).

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

On March 27, 2020, Respondents filed their *Response in Opposition to Petition for Writ of Habeas Corpus*. (*See* doc. 8.) On August 17, 2020, they filed a *Notice of Removal of Petitioner* with supporting documents showing that Petitioner was removed from the United States on May 18, 2020, and seeking dismissal of the petition as moot. (*See* doc. 10.)

## II.   MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, Petitioner claimed that his continued detention for the prior ten months was unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that detention of alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Petitioner challenged only the lawfulness of his continued detention and sought release from custody or a bond hearing to determine whether custody was still warranted.

Because Respondents' evidence shows that Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot. *See Francis v. Lynch*, 622 F. App'x

455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). It should therefore be dismissed.

### III.     RECOMMENDATION

The *Emergency Petition for Declaratory and Injunctive Relief in the Nature of a Mandamus and Habeas Corpus*, received on February 24, 2020 (doc. 2), should be **DISMISSED** as moot.

**SIGNED this 18th day of August, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE